1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JACK WISE and JANICE WISE,** | ) | **CV F 05-33 AWI LJO** |
| | ) | |
| **Plaintiffs,** | ) | **ORDER ON DEFENDANTS'** |
| **v.** | ) | **MOTION TO DISMISS FOR** |
| | ) | **IMPROPER VENUE OR** |
| **ROBERT J. WINN, individually, and** | ) | **TRANSFER FOR** |
| **CAR CORNER AUTO SALES, INC.** | ) | **CONVENIENCE and ROBERT** |
| | ) | **J. WINN'S MOTION TO** |
| | ) | **DISMISS FOR LACK OF** |
| **Defendants.** | ) | **PERSONAL JURISDICTION** |
| | ) | |

This is essentially a fraud/breach of warranty case arising out of an internet sale of a 1990 Porsche 911 Coupe to California residents, Jack and Janice Wise ("Plaintiffs), from a New Jersey dealership, Car Corner Auto Sales and officer/salesman Robert J. Winn (Defendants). Plaintiffs assert claims for fraud, negligent misrepresentation, breach of express warranty, and violations of California statutory provisions including the Song-Beverly Consumer Protection Act. The case was initially filed in state court but was later removed to this Court. Defendants have now filed a motion to dismiss for improper venue or transfer to New Jersey under 28 U.S.C. § 1404(a) and a motion to dismiss Robert Winn for lack of personal jurisdiction. For the reasons that follow, the motion will be granted in part and denied in part.

## Factual Background

From the complaint, Plaintiffs allege that around February 17, 2004, they purchased a 1990 Porsche 911 Coupe from Car Corner for $21,090.00, primarily for personal and family use.

Plaintiffs allege that the sale of the Porsche was accompanied by an express warranty that the vehicle was free from major defects and was in a safe and merchantable condition.  Plaintiffs allege that the warranty was part of the basis of the bargain.  When repairs became necessary, Defendants refused to provide repairs or correct defects.

At the time of purchase, Defendants allegedly represented that the vehicle was without a history of prior material defects and that it was in good and merchantable condition, but the vehicle was not in fact in sound mechanical condition or free from defects and had suffered prior mechanical failure which Defendants did not disclose.  Those prior failures were also improperly and inadequately disclosed.  Specifically, Defendants allegedly failed to disclose that the vehicle suffered from numerous mechanical defects including but not limited to: in-operable back up lights, malfunctioning air conditioner, in-operable glove compartment light, loose grill, loose spoiler, defects with the transmission, and severe damage to the engine requiring replacement of the engine.  Also, the vehicle did not meet emission requirements for the State of California and was leaking flammable liquids onto the exhaust.  Furthermore, the radio was in-operable and the windshield, installed by Defendant, was done improperly leading to additional expenses by Plaintiffs.  Plaintiffs demanded that Defendants repair the defects, but Defendants refused and continue to refuse.  Plaintiffs, at great expense, have repaired the vehicle in order to make it safe and "merchantable."

Plaintiffs now allege causes of action for: (1) fraud and deceit (claiming 7 misrepresentations);[1] (2) negligent misrepresentation (based on the same 7 misrepresentations); (3) negligence and negligence per se for failing to properly inspect, unlawfully selling,

---

[1]The misrepresentations were:

1.   The vehicle was in good condition with no prior defects;
2.   The vehicle had been completely inspected by the Dealer and/or the Dealer's agents, and had no known defects or problems;
3.   That the vehicle had a strong service history;
4.   That major expenses had been incurred to maintain the vehicle;
5.   That the vehicle had been "spoiled" for its entire life;
6.   That any Porsche enthusiast would be thrilled to have the vehicle; and
7.   That the vehicle was free from hard or abusive driving.

daw                                                                    2

advertising, and failing to disclose the true condition of the car; (4) violation of the Consumers

Legal Remedies Act - California Civil Code § 1750, et. seq., by representing that the vehicle was

in sound mechanical condition when, in fact, it was not, and by failing to inform Plaintiffs that

the vehicle was a 'lemon-law' buy-back , violating California Civil code § 1770, et. seq.; (5)

violation of the Business and Professions Code § 17200, et. seq., for making material

misrepresentations without any reasonable grounds for believing that they are true; and (6)

violation of the Song-Berverly Act (Civil Code § 1790) for breach of express warranty covering

defects in performance, reliability, materials, and/or workmanship and the implied warranty of

merchantability under § 1791.1.

Under a section of the complaint entitled "Jurisdiction," Plaintiffs state:

> 2.      Plaintiffs are informed and believe and on that basis allege that
> Defendant Car Corner, Inc. (hereafter "Dealer"), is, and at all relevant times
> herein was, a business, form and nature unknown, and doing business in the
> County of Fresno, with its principal place of business in French Town, New
> Jersey.  Defendant Robert J. Winn was at all times an officer, director and
> managing agent of said corporation, and an individual whose place of residence is
> unknown but who engaged in wrongful and fraudulent practices in Fresno County.

Also, Plaintiffs' counsel filed an affidavit in the Fresno Superior Court regarding

jurisdiction.  The affidavit read:

> I, Michael W. Braa, Sr., hereby declare that a substantial portion of the
> transaction which is the subject of this action accrued within the county and/or
> Judicial District above [County of Fresno Superior Court, Central Division], or
> that defendants are doing business in said County or Judicial District named
> above, and that this is the proper court for the trial of the action.

*Defendants' Response/Motions*

Defendants removed the state court action to this court and promptly filed a Rule 12(b)(3)

motion to dismiss for improper jurisdiction or transfer under 28 U.S.C. § 1404(a) and a Rule

12(b)(2) motion to dismiss Robert J. Winn for lack of personal jurisdiction.  In support of these

motions, Defendants have submitted the declaration of Robert J. Winn.  In pertinent part, Winn

declares (in summary):

> 1.      He is the President and a shareholder of Car Corners, lives in Pennsylvania, and
> does business in New Jersey.

> 2.      The principal place of business of Car Corner is French Town, New Jersey, which

daw                                              3

has always been the principal place of business for the last 3 years and at all relevant times for this lawsuit.

3.   He is an employee of Car Corner, has always acted in that capacity, and at no time did he conduct business with Plaintiffs in an individual capacity.

4.   None of Car Corner's officers or directors reside or are domiciled in California.

5.   Car Corner has no employees residing or domiciled in California, has not contracted with anyone in California to act on its behalf with respect to marketing, distributing or servicing any of Car Corner's goods or products.

6.   Car Corner has no branch office or comparable facilities in California, nor has it any California telephone numbers or addresses.

7.   Car Corner has no bank accounts or tangible personal or real property in California.

8.   Car Corner neither specifically directs any advertising to California nor does it advertise in publications that are directed primarily toward California residents.

9.   No meetings of boards of directors or shareholders has ever been held in California, and none of its officers or directors have attended any business conferences or similar functions within California.

10.  The acts or omissions for which defendant is sought to be held liable in this action, as described in paragraphs 5 through 42 of the complaint, all occurred outside of California.

11.  It would be unreasonable to require Car Corner to defend the action in California because:

   a.   contractual obligation was entered into in New Jersey.

   b.   the car was sold in New Jersey.

   c.   the car was paid for in New Jersey.

   d.   all of the representations and contacts were conducted in New Jersey.

   e.   the corporation is a licensed automobile dealer in New Jersey.

   f.   the contract was an "as-is" sales agreement and the only apparent complaints are that the vehicle was nonetheless represented as having qualities beyond the "as-is" representation.

   g.   the courts of New Jersey are appropriate to litigate this matter as New Jersey has a higher interest and expectation in regulating their automotive dealers.

   h.   Plaintiffs seek to hold defendant to standards and statutes in California which contravene the written contract.

12.  Winn has reviewed the complaint and "all of the facts and circumstances relating to the sale of the vehicle occurred in New Jersey at the corporate offices of Car

daw

4

Corner Auto Sales."

16.     Although Winn and Car Corner expressly and completely deny making any misrepresentations to Plaintiffs, all communications and contractual obligations were entered into in New Jersey at and from the offices of Car Corner.

17.     All of the witnesses to the condition of the car, including repairs and work completed, at the time of sale are located in New Jersey and Hinsdale, Illinois.

18.     The interest of justice and the convenience of the parties would be served by transferring the case to New Jersey because:
    a.      it would be burdensome and inconvenient for the witnesses to attend a California trial because the expense of travel and time away from their businesses;
    b.      it would not be possible to subpoena third party witnesses for trial in California, however, they would be subject to subpoena in the District of New Jersey;
    c.      all books and records and the contract are located in the District of New Jersey; and
    d.      the car was purchased and temporarily registered in the State of New Jersey to an out-of-state resident (Wise) and he was issued a temporary registration – all of these documents are on file in New Jersey.

In moving to dismiss or transfer, Defendants state that all parties to the action are subject to process in the District of New Jersey and that district court has subject matter jurisdiction. Defendants argue that the completed transaction occurred in French Town, New Jersey. Furthermore, Defendants emphasize that the affidavit of Robert Winn establishes: (1) the contract for sale was formed in New Jersey and performed by Car Corner in New Jersey; (2) Plaintiff temporarily registered the car in New Jersey; (3) any breach of the contract occurred in New Jersey; (4) the Porsche 911 was sold "as is" (as reflected by contract); (5) the contract was entered into in New Jersey and subject to New Jersey law; and (6) any alleged misrepresentations occurred in New Jersey.

Defendants emphasize that Plaintiffs are attempting to hold a New Jersey automobile dealer to the standards and statutes that are applicable to California automobile dealers and sales that occur in Fresno, California. Defendants further emphasize that all of the documentation show that the sale of the Porsche was an "as is" sale.

With respect to Robert Winn, Defendant argues that the affidavit establishes that, other than the Wises, Winn has no contact whatsoever with California. In other words, Winn has insufficient minimum contacts with California and exercising specific jurisdiction over him

would offend traditional notions of "fair play and substantial justice" under *International Shoe*. Also, in all dealings with Plaintiffs, Winn acted as an agent/employee of Car Corner. The mere fact that an employer/corporation may be subject to a court's jurisdiction does not necessarily mean that the employees are also subject to the court's jurisdiction.

Finally, the declaration of Winn shows that Defendants do not regularly conduct business in California, do not direct advertising in California, do not have agents in California, and have no bank accounts in California.[2]

### *Plaintiffs's Opposition*

Plaintiffs respond by stating that Plaintiffs purchased the Porsche over the internet and that the entire transaction was negotiated with Winn. As part of the transaction, Plaintiffs argue that Winn made several misrepresentations regarding the condition of the vehicle and failed to disclose other aspects of the Porsche's true condition. Plaintiffs state that the contract for sale was executed in Fresno and delivered to Fresno. Plaintiffs emphasize that they are not alleging contractual causes of action, rather they are alleging fraud, negligence, negligent misrepresentation, and violations of various California statutory provisions.

Plaintiffs argue that the Court should retain jurisdiction over this case because the Defendants victimized and defrauded a resident of California and Fresno county by engaging in unfair and deceptive business practices and the Defendants' deceit costs Plaintiffs thousands of dollars. Plaintiffs argue that it is proper for this Court to exercise jurisdiction over out-of-state defendants when those defendants commit torts against a California citizen, especially when they profit through deceit.

Plaintiffs argue that, in diversity cases, venue is proper where "a substantial portion of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391. Under § 1391,

---

[2]However, Defendants do not expressly move for dismissal of Car Corner from this suit on the basis of no personal jurisdiction. In Defendants' notice of motions, Defendants state that they "will move this Court for an order [] dismissing or transferring this action from this Court to the United States District Court . . . of New Jersey, in the interest of justice and for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a). Additionally, defendant Robert J. Winn, individually will be making a motion and request that the court dismiss him from the action for lack of personal jurisdiction." Defendants' Notice of Motion at 1:27-2:5.

daw                                              6

only the events that give rise to the particular claim is examined.  Plaintiffs also emphasize that the comment to California's long arm statute reads:

> It is likewise reasonable that a state should exercise judicial jurisdiction over a nonresident individual as to causes of action arising from an act done, or caused to be done, by him in the state for pecuniary profit and having substantial consequences there even though the act is an isolated act not constituting the doing of business in the state.

Here, Plaintiffs argue that it is uncontested that defendants sold a vehicle to a California plaintiff.  The allegations against defendants are that they willfully and purposefully used unfair and deceptive acts "to sell goods to a California Plaintiff in violation of California law."  Since California law was violated, it is only logical that a substantial part of the events or omissions occurred in California.  Furthermore, venue is proper where the parties acted or where the injuries occurred and Plaintiffs were injured in California.

Plaintiffs have filed no additional affidavits or evidence in opposition to the motions.

## A.   MOTION TO DISMISS FOR IMPROPER VENUE

### Legal Standard

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of the case on the basis of improper venue.  See Fed. R. Civ. P. 12(b)(3); Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096,1102 (C.D. Cal. 2001).  Unlike a motion for dismissal under Rule 12(b)(6), the court may consider supplemental written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion to dismiss without transforming it into a motion for summary judgment.  See Agueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Travelers Cas. And Sur. Co. of Am. v. Telstar Constr. Co., 252 F.Supp.2d 917, 922 (D. Ariz. 2003). Furthermore, the court need not accept the plaintiff's pleadings as true, but must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party.  See American Home Assurance Co. v. TGL Container Lines, Ltd., 347 F.Supp.2d 749, 755 (N.D. Cal. 2004).  Where venue is improper, the district court may dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a).  See Dudash v. Varnell, Struck & Assoc., 2004 U.S. Dist. LEXIS 24872 at *4 (N.D.

Cal. 2004); Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1212 (D. Haw. 2002). However, even where venue is proper, the district court may still transfer the case to another jurisdiction where it may have been brought for the convenience of the parties and witnesses and in the interests of justice under 28 U.S.C. § 1404(a).  See Dudash, 2004 U.S. Dist. LEXIS 24872 at *4; Kawamoto, 225 F.Supp.2d at 1212.

When jurisdiction is based only on diversity of citizenship, venue is proper in a judicial district where, *inter alia*, a substantial portion of the events or omissions giving rise to the claim occurred.  See 28 U.S.C. § 1391(a).  However, 28 U.S.C. § 1441(a) governs venue for cases removed from state courts.  See 28 U.S.C. § 1441(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953); Ferrel v. Grange Ins., 354 F.Supp.2d 675, 679-80 (S.D. W. Va. 2005); Collins v. JCPenny Life Ins. Co., 2002 U.S. Dist. LEXIS 5676 at *3-*4 (N.D. Cal. 2002); Kumarelas v. Kumarelas, 16 F.Supp.2d 1249, 1256 (D. Nev. 1998).  Under 28 U.S.C. § 1441(a), venue is proper when a case is removed to the district court in the district and division where the state action was pending.  See 28 U.S.C. § 1441(a);Polizzi, 345 U.S. at 666; Ferrel, 354 F.Supp.2d at 679-80;  Collins, 2002 U.S. Dist. LEXIS 5676 at *4; Kumarelas, 16 F.Supp.2d at 1256.  Because § 1441(a) controls venue for removed actions, the venue statutes that would have otherwise applied had the case been brought originally in federal court are inapplicable.  See Polizzi, 345 U.S. at 665-66; Ferrel, 354 F.Supp.2d at 679-80; IBC Aviation, Inc. v. Compania Mexicana de Aviacion, 125 F.Supp.2d 1008, 1013-14 (N.D. Cal. 2000); Kumarelas, 16 F.Supp.2d at 1256 ;17 Moore's Fed. Prac. (3d Ed.) Civil § 110.8.

*Discussion*

Although Defendants' motion is entitled motion to dismiss for improper venue under Rule 12(b)(3), the notice of motion indicates that Defendants are asking the court to dismiss or transfer the case under 28 U.S.C. § 1404(a).  The Defendants' motion focuses on minimum contacts and convenience and makes little or no argument regarding whether this Court is the proper venue for this case.  In contrast, Plaintiffs focus on arguing that a substantial portion of the events took place in Fresno, thus relying on 28 U.S.C. § 1391.

1    Nevertheless, this case was originally brought in the Fresno County Superior Court and

2    was removed to this Court.  Thus, § 1391 is not applicable and does not control the disposition of

3    Defendants' motion.  There is no dispute that the Fresno Superior Court lies within the Federal

4    Eastern District of California in the Fresno division.  Accordingly, venue is proper under §

5    1441(a) and dismissal is not appropriate under Rule 12(b)(3).  See 28 U.S.C. § 1404(a); See

6    Polizzi, 345 U.S. at 665-66; Ferrel, 354 F.Supp.2d at 679-80; IBC Aviation, 125 F.Supp.2d at

7    1013-14; Kumarelas, 16 F.Supp.2d at 1256;17 Moore's Fed. Prac. (3d Ed.) Civil § 110.8.

8    **B.    TRANSFER UNDER 28 U.S.C. § 1404(a)**

9    28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the

10   interest of justice, a district court may transfer any civil action to any other district or division

11   where it might have been brought."  28 U.S.C. § 1404(a).  This statute partially displaces the

12   common law doctrine of forum non conveniens.  See Decker Coal Co. v. Commonwealth Edison

13   Co., 805 F.2d 834, 843 (9th Cir. 1986); Miskow v. Boeing Co., 664 F.2d 205, 207, (9th Cir.

14   1981).  The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to

15   protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van

16   Dusen v. Barrack, 376 U.S. 612, 616 (1964); Kawamoto, 225 F.Supp.2d at 1213.  "Section

17   1404(a) is intended to place discretion in the district court to adjudicate motions for transfer

18   according to an 'individualized, cases by case consideration of convenience and fairness.'"

19   Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376

20   U.S. at 622).

21   In order to transfer a case under § 1404(a), the "defendant must make a strong showing of

22   inconvenience to warrant upsetting the plaintiff's choice of forum."  See Decker, 805 F.2d at

23   843.  The district court must weigh numerous factors when deciding whether to transfer a case

24   under § 1404(a):

25           A motion to transfer venue under § 1404(a) requires the court to weigh
         multiple factors in its determination whether transfer is appropriate in a particular
26       case.  For example, the court may consider: (1) the location where the relevant
         agreements were negotiated and executed, (2) the state that is most familiar with
27       the governing law, (3) the plaintiff's choice of forum, (4) the respective parties'
         contacts with the forum, (5) the contacts relating to the plaintiff's cause of action

28

daw                                        9

in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis . . . [and] the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Warfield v. Gardner, 346 F.Supp.2d 1033, 1043 (D. Ariz. 2004).  The Northern District of California utilizes slightly modified factors that include consideration of convenience to parties and witnesses, feasability of consolidation of other claims, local interest in the controversy, and the court congestion of the two forums.  See Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).

*Discussion*

Plaintiffs do not expressly address Defendants' transfer request under § 1404(a). Nevertheless, it is Defendants' burden to show that a transfer is warranted under § 1404.  See Jones, 211 F.3d at 499; Decker, 805 F.2d at 843; Warfield, 346 F.Supp.2d at 1043; Williams, 157 F.Supp.2d at 1106.

(1) The location where the relevant agreements were negotiated and executed

The affidavit of Winn at paragraphs 10, 11, 12, and 16 indicate that the contract was entered into, the car was sold, and the car was paid for and temporarily registered in New Jersey and that "all of the facts and circumstances relating to the sale of the car occurred in New Jersey at the corporate offices of Car Corner."  The opposition brief indicates that this was an internet transaction and that the contract was executed in Fresno, but Plaintiffs do not supply an affidavit to this effect.  This factor weighs in favor of transfer.

(2) The state that is most familiar with the governing law

Plaintiffs have alleged numerous California law causes of action.  In fact there are no New Jersey or federal law causes of action alleged.  Defendants have argued generally that New Jersey law governs, but they have not adequately explained this contention.  As this Court sits in California, the Eastern District is more familiar with the causes of action alleged.  This factor weighs against transfer.

(3) The plaintiff's choice of forum

The third factor weighs in favor of Plaintiffs as they chose the California forum and

reside in Fresno.  This factor is generally given significant weight when the plaintiff resides in the chosen forum.  <u>Warfield</u>, 346 F. Supp. 2d at 1044; <u>Williams</u>, 157 F.Supp.2d at 1106.  Since Plaintiffs reside in Fresno, this factor weighs against transfer.

(4) The respective parties' contacts with the forum

The fourth factor is not entirely clear.  Obviously Plaintiffs have substantial contacts with California.  What is unclear are the precise contacts of the Defendants.  The affidavit of Robert Winn shows that Defendants have no property or business interests (including advertising and bank accounts) within California.  As Plaintiffs have submitted no additional evidence, Plaintiffs' complaint would indicate that the only contact Defendants have with California is their dealing with Plaintiffs.  Given what appears to be rather minimal contacts with California, this factor weighs in favor of transfer.

(5) The contacts relating to the plaintiff's cause of action in the chosen forum

The fifth factor is unclear because the precise nature of the contacts that Defendants had with Plaintiffs is unclear.  Defendants contend that any representations occurred in the New Jersey office; Defendants do not, however, say where the representations were received or whether they knew that their representations would be received in, or were going into, California.  If Defendants knew that their representations were going to a California Plaintiff and would be received in California, then this is more significant contact.  If the only contacts with California are representations sent into California, then those contacts are the very basis for Plaintiffs' claims.  It is Defendants' burden to show inconvenience under § 1404(a), but Defendants have provided only partial information.  Given the ambiguity of the evidence presented, this factor is neutral.

(6) The differences in the costs of litigation in the two forums/Relative court congestion

The sixth factor is unknown as no dollar amounts, economic data, or court data have been provided.  Furthermore, no party has expressly addressed this factor(s).  Because there is no argument made or evidence provided, it is neutral.

(7) The availability of compulsory process to compel attendance of unwilling non-party witnesses/Convenience of Witnesses

Any witnesses who reside in New Jersey could be compelled to attend the District of New

Jersey Court.  In his affidavit, Defendant Winn indicates that individuals in New Jersey and

Hinsdale, Illinois performed work on the Porsche 911 and could speak to the condition of the car

pre-sale.  Defendants do not explain, however, how the District Court of New Jersey could

compel attendance of those who live in Hinsdale, nor are specific individuals or even the number

of individuals identified.    Furthermore, the nature or degree of work that the New Jersey and

Illinois mechanics performed is not identified.  To show inconvenience to witnesses, the moving

party should state the witnesses's identities, locations, and content and relevance of their

testimony.  See Florens Container v. Cho Yang Shipping, 245 F.Supp.2d 1086, 1092-93 (N.D.

Cal. 2002); Williams, 157 F.Supp.2d at 1108.  At oral argument, the only specific witnesses that

Defendants named were Winn and Plaintiffs.  Additionally, at oral argument, Plaintiffs' counsel

confirmed that Fresno area mechanics performed post-sale work on the Porsche 911.  The

mechanical condition of the Porsche 911 is an important issue in this case.  Testimony of those

who performed mechanical work on the Porsche while the vehicle was in New Jersey and those

who performed work on the vehicle after it arrived in California is highly relevant.  Clearly this

Court could compel attendance of the Fresno area mechanics, but could not compel attendance of

mechanics from Hinsdale or New Jersey.  Similarly, the New Jersey District Court would be able

to compel attendance of the New Jersey mechanics, but could not compel attendance of

mechanics from Fresno or Hinsdale.  Given the inability of each court to compel attendance of

third party witnesses and the allegations and lack of specific proof concerning third party

witnesses, this factor is at best a wash; it is therefore neutral.  See Robinson Corp. v. Auto-

Owners Ins. Co., 304 F.Supp.2d 1232, 1243 (D. Haw. 2003).

        (8) The ease of access to sources of proof

        The eighth factor appears to be a wash.  Evidence and sources of proof are going to come

from both New Jersey and California.  Records concerning Defendants' business and the

condition of the Porsche while in New Jersey are in New Jersey.  However, the vehicle itself and

records of repairs done in California are in California.  Maintaining suit in one district will cause

the same problems as maintaining it in the other district.  As there is no specific proof regarding

this factor, it is neutral.

<u>Convenience of the Parties</u>

This factor is a wash.  The competing forums, the Eastern District of California and the District of New Jersey are literally at opposite ends of the country.  For Defendants, it is obviously more convenient to litigate in New Jersey, and for the Plaintiffs, California.  This is a neutral consideration.

<u>Forum Selection Clause</u>

No one has argued a forum selection clause and there is no such clause in the sales contract that is part of the Defendants' moving papers.  This is a neutral consideration.

<u>Public Policy Considerations Of The Forums/Local Interest In The Controversy</u>

Defendants have argued that New Jersey has a greater interest in regulating the conduct of its car dealers, but offer no authority for this proposition.  Plaintiffs argue through citation to the comments of the long arm jurisdiction statute that California has an important interest in exercising jurisdiction over an out of state defendant who has done something, or caused something to be done, in California which leads to improper gain.  Neither party adequately addresses this factor.  Accordingly, this is a neutral factor.

<u>Analysis</u>

From the evidence submitted, it is clear is that Defendants have few contacts with California.  However, the issue is whether this case should be transferred to the District of New Jersey.  The *Jones* factors set considerations for the court in order to determine whether transfer is proper under § 1404(a).  As applied to this case, a number of factors/considerations are neutral. *Jones* factors 5, 6, 7, and 8 are neutral, and considerations of the convenience of the parties, a forum selection clause, and public policy considerations are also neutral.  *Jones* factors 1 and 4 weigh in favor of a transfer.  *Jones* factors 2 and 3 weigh against a transfer.  It is the Defendant's burden to make a "strong showing" that transfer should be ordered.  <u>See</u> <u>Jones</u>, 211 F.3d at 499; <u>Decker</u>, 805 F.2d at 843; <u>Warfield</u>, 346 F.Supp.2d at 1044; <u>Robinson Corp.</u>, 304 F.Supp.2d at 1243; <u>Williams</u>, 157 F.Supp.2d at 1106.  Defendants have provided insufficient evidence and have not met their burden for the Court to order a transfer under § 1404(a).  Accordingly, Defendants' motion to transfer venue for convenience under 28 U.S.C. § 1404(a) is denied.

daw                                   13

**C.      PERSONAL JURISDICTION OVER ROBERT J. WINN**

Plaintiffs bear the burden of establishing that the Court has personal jurisdiction.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004); Mattel, Inc. v. Greiner & Hausser, GmbH, 354 F.3d 857, 862 (9th Cir. 2003); Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).  However, where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdictional facts."  Schwarzenegger, 374 F.3d at 800; Mattel, 354 F.3d at 862; Dole Food, 303 F.3d at 1108.  "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' . . . uncontroverted allegations in the complaint must be taken as true."  Schwarzenegger, 374 F.3d at 800 (quoting Amba Marketing Systems, 551 F.2d at 787); Dole Food, 303 F.3d at 1108; AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  Any conflicts between facts contained within the declarations or affidavits submitted by the parties are resolved in the plaintiffs' favor for purposes of plaintiffs' prima facie case.  See Schwarzenegger, 374 F.3d at 800; Mattel, 354 F.3d at 862; Dole Food, 303 F.3d at 1108; AT&T, 94 F.3d at 588.

In the absence of specific statutory provision, federal courts apply the personal jurisdiction laws of the state in which they are situated.  See Schwarzenegger, 374 F.3d at 800-01.  "Because California's long-arm jurisdictional statute [Cal. Civ. Proc. Code § 410.10] is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  Id.  "A state may exercise either general or specific jurisdiction over a defendant." Lake v. Lake, 817 F.2d 1416, 1420-21 (9th Cir. 1987).  For specific jurisdiction, there is a three part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

daw                                            14

Dole Food Co., 303 F.3d at 1111.  This test requires more than simple foreseeability of causing injury in another state.  See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 560 (9th Cir. 1995).  The foreseeability required by due process analysis is that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  Id.  It is the purposeful availment prong that prevents defendants from being "haled into a jurisdiction through random, fortuitous, or attenuated contacts."  Id.

In intentional tort cases, the availment or purposeful direction prong is analyzed under the "effects" test.  See Dole Food, 303 F.3d at 1111.  Under the effects test, the plaintiff must show that the defendant "(1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Id.  Conduct is expressly aimed at a forum state when the defendant's conduct is "targeted at a plaintiff whom the defendant knows to be a resident of the forum state."  Id.  Communications with a plaintiff in the forum in the form of letters, faxes, and phone calls which contain fraudulent misrepresentations may be sufficient conduct to constitute availment.  See id. at 1111-12 (citing with approval Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999)).

The second prong requires that the contacts relied on for personal jurisdiction actually relate to the cause of action.  See MGM Studios Inc. v. Grokster, Ltd., 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003) ("Contacts with a forum state are relevant for purposes of specific jurisdiction only if they are sufficiently related to the cause of action.....Thus, if Plaintiffs' claims would have arisen notwithstanding certain contacts, those contacts are not relevant to the jurisdictional analysis.").  "But for" causation is all that is required since a "restrictive reading of the 'arising out of' requirement is not necessary in order to protect potential defendants from unreasonable assertions of jurisdiction."  Shute v. Carnival Cruise Lines, 897 F.2d 377, 385 (9th Cir. 1990) rev'd on other grounds, 499 U.S. 585 (1991).

Once a court has found purposeful availment, the reasonableness of jurisdiction is presumed.  Sher v. Johnson, 911 F.2d 1357, 1364 (9th Cir. 1990).  The burden is then shifted to the defendant to show "the presence of some other considerations that would render jurisdiction unreasonable."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Dole Food, 303 F.3d at 1114.  In determining whether the exercise of jurisdiction comports with "fair play and

substantial justice," and is therefore "reasonable," courts are to consider seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Dole Food, 303 F.3d at 1114.

### Discussion

Winn has filed a declaration that denies the key allegations within the complaint.  In his declaration, Winn states:

> 1.  He is the President, an employee and a shareholder of Car Corners, lives in Pennsylvania, does business in New Jersey, and is not a resident or domicile of California.
>
> 2.  The acts or omissions for which defendant is sought to be held liable in this action, as described in paragraphs 5 [through] 42 of the complaint, all occurred outside of California.
>
> 3.  All of the representations and contacts were conducted in New Jersey.
>
> 4.  Winn has reviewed the complaint and "all of the facts and circumstances relating to the sale of the vehicle occurred in New Jersey at the corporate offices of Car Corner Auto Sales."
>
> 5.  Although Winn and Car Corner expressly and completely deny making any misrepresentations to Plaintiffs, all communications and contractual obligations were entered into in New Jersey at and from the offices of Car Corner.

Declaration of Robert Winn at ¶¶ 1, 2, 3, 5, 10, 11(d), 12, 16.

Plaintiffs have submitted no further evidence – they have only submitted argumentation that essentially goes to the propriety of venue under 28 U.S.C. § 1391.  Plaintiffs have filed no further affidavits describing Winn's actual role in the causes of action alleged or Winn's contacts with California.  The complaint does say that Car Corner and its agents, including Winn, made several misrepresentations to Plaintiffs, but it does not say where or how the misrepresentations were made or where they were received.  As part of the initial state court complaint, there is an affidavit of jurisdiction signed by Plaintiffs' counsel that states that a substantial portion of the events giving rise to the lawsuit occurred in Fresno County or that the Defendants were doing

business in Fresno County.[3]  However, the affidavit is vague, conclusory, does not mention Robert J. Winn, and is not made on personal knowledge.  Moreover, under California Rule of Civil Procedure § 446(a), an attorney is only permitted to make a verification in the pleadings in limited circumstances, essentially when the plaintiff is unavailable or a corporation.  See Cal. R. Civ. Pro. § 446.  In those limited circumstances, "the pleadings shall not otherwise be considered as an affidavit or declaration establishing the facts therein alleged."  Id.  Given the lack of an indication of personal knowledge, the lack of specificity, and § 446, the Court will not consider the Plaintiffs' counsel's affidavit of jurisdiction.

The affidavit by Winn is sufficient to trigger Plaintiffs' burden of establishing personal jurisdiction.  The affidavit shows that Winn does business in New Jersey, resides in Pennsylvania, is not a domicile or resident of California, denies making any misrepresentations, and alleges that the operative events took place in New Jersey.  It is true that the declaration does not say where any representations were received or that Winn did not know that he was dealing with California residents or sending representations into California, but the complaint itself does not make these allegations.  Although the uncontroverted allegations in a complaint are taken as true and conflicts among declarations or affidavits are resolved in the plaintiff's favor, the material allegations against Winn in the complaint have been controverted and there are no affidavits that are contrary to Winn's; Plaintiffs have merely rested on the allegations in their complaint.  See Schwarzenegger, 374 F.3d at 800.  Plaintiffs have failed to meet their burden and dismissal of Winn is appropriate.

## CONCLUSION

Defendants have moved to dismiss this case for improper venue or transfer this case to the District of New Jersey under 28 U.S.C. 1404(a) and to dismiss Defendant Winn for lack of personal jurisdiction.  Dismissal of the case is inappropriate because the case was removed from

---

[3]Plaintiffs are asserting a claim under California Civil Code section 1750 et. seq., the Consumer Legal Remedies Act.  This Act requires the filing of an affidavit of jurisdiction.  Specifically, § 1780(c) in part reads:
> In any action subject to the provisions of this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice.

Cal. Civ. Code § 1780(c).

state court.  In such circumstances, 28 U.S.C. 1441(a) and not 28 U.S.C. 1391 control venue.
Under § 1441(a) venue is proper in the division and district from which the state court claim was
removed.  Since this case was removed from the Fresno County Superior Court, venue is proper
in this Court.  Since venue is proper, a dismissal under 12(b)(3) will be denied.

With respect to a transfer to the District of New Jersey under 28 U.S.C. 1404(a), it is the
Defendants' burden to make a strong showing that transfer is appropriate.  However, of the
factors considered by the courts in deciding whether to transfer a case, Defendants have only
shown that two factors favor a transfer.  The other factors are either a wash/neutral or weigh
against transfer.  Since Defendants have not made a strong showing that transfer is appropriate,
they have failed to meet their burden.  Accordingly, transfer under § 1404(a) will be denied.

Finally, with respect to Winn's motion to dismiss for lack of personal jurisdiction, it is
Plaintiffs' burden to establish personal jurisdiction.  Winn has filed an affidavit that indicates no
personal jurisdiction exists and that controverts the material allegations against him in Plaintiffs'
complaint.  In such circumstances, it is not appropriate for Plaintiffs' to merely rely on their
pleadings.  Plaintiffs have offered no affidavits or additional evidence that indicates this Court
has personal jurisdiction over Winn.  Plaintiffs have failed to meet their burden and dismissal of
Winn is proper.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' Motion to Dismiss for Improper Venue Under Rule 12(b)(3) is
DENIED;

2.  Defendants' Motion to Transfer to the District of New Jersey under 28 U.S.C.
1404(a) is DENIED; and

3.  Defendants' Motion to Dismiss Defendant Robert J. Winn for Lack of Personal
Jurisdiction under Rule 12(b)(2) is GRANTED and Defendant Robert J. Winn is
DISMISSED as a party from this case.

IT IS SO ORDERED.

**Dated:    April 27, 2005**          _____/s/ Anthony W. Ishii_____
0m8i78                                       UNITED STATES DISTRICT JUDGE

daw                                          18