# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WISE and JANICE WISE,<br><br>            Plaintiffs,<br>     v.<br><br>ROBERT J. WINN, individually, and<br>CAR CORNER AUTO SALES, INC.<br><br>            Defendants. | CV F 05-33 AWI LJO<br><br>ORDER VACATING<br>SEPTEMBER 12, 2006, TRIAL<br>DATE AND ORDER TO SHOW<br>CAUSE |

    This case has a trial setting of September 12, 2006. <u>See</u> Court's Docket Document No. 15 ("Scheduling Order"). The pre-trial conference date was set for August 9, 2006. No party submitted a pre-trial statement, even though the local rules and the scheduling order so required. <u>See</u> Local Rule 16-281; Scheduling Order at pp. 4-5. The pre-trial conference did not occur on August 9, 2006, and the Court has received no filings from either Plaintiffs or Defendant regarding either their failure to file pre-trial statements or attend the pre-trial conference. The failure to file pre-trial statements and the non-occurrence of the pre-trial conference renders the pre-trial procedures incomplete and renders a trial impractical. Accordingly, the Court vacates the September 12, 2006, trial date.

    A review of the docket indicates that remaining Defendant Car Corners Auto Sales, Inc. is no longer represented by counsel. On April 28, 2006, the magistrate judge issued an order of

withdrawal for Car Corners's counsel, Roger Vehrs.  See Court's Docket Document No. 22.  As part of the withdrawal order, the magistrate informed Defendant that, as a business entity, Defendant could only appear in this case through an attorney and that the failure to obtain an attorney could result in the forfeiture of rights.  See id.; Local Rule 83-183(a).  As of the date of this order, it does not appear that Defendant has obtained counsel.

All scheduled deadlines, including discovery and dispositive motions, have passed.  See Scheduling Order.  The docket reflects no activity in this case by any party since the April 28, 2006, withdrawal order.  The docket further indicates that Plaintiffs did not appear at the Defendant's withdrawal hearing or oppose the motion.  See Court's Docket Document No. 22.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."  Fed. R. Civ. Pro. 41(b).  Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances."  Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'"  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal

daw                                                            2

for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).  In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002); <u>Bautista</u>, 216 F.3d at 841; <u>In re Eisen</u>, 31 F.3d at 1451; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Henderson</u>, 779 F.2d at 1424; <u>Thompson</u>, 782 F.2d at 831.

Given the state of this case, the Court harbors grave doubts that the case is being diligently prosecuted.  Plaintiffs are in violation of the scheduling order and Local Rule 16-281 and do not appear to be prosecuting this case.  Defendant is in violation of the scheduling order and Local Rule 16-281 and does not appear to have obtained counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. The trial setting of September 12, 2006, is hereby VACATED;
2. On October 2, 2006, at 1:30 p.m., the Court will hold a hearing to determine whether Plaintiffs are diligently prosecuting this case and whether to dismiss this case for lack of prosecution and for violations of the Scheduling Order and Local Rules;
    a. Plaintiffs are to show cause by appearance in the Court on October 2, 2006, at 1:30 p.m., why this case should not be dismissed for lack of prosecution and/or the failure to obey court orders and Local Rules;
    b. On or by September 18, 2006, Plaintiffs are further to show cause in writing by 4:00 p.m. why this case should not be dismissed due to violations of the Scheduling Order and Local Rules and/or the failure to diligently prosecute the

case;

    c.    Plaintiffs are hereby forewarned that failure to appear at the October 2, 2006, hearing or the failure show cause in writing by 4:00 p.m. on September 18, 2006, will likely result in the dismissal of the case with prejudice without further notice;

3.    On October 2, 2006, at 1:30 p.m., the Court will hold a hearing to determine whether sanctions should be imposed against Defendant for failure to follow the Scheduling Order and Local Rules;

    a.    Defendant is to show cause by appearance in the Court on October 2, 2006, at 1:30 p.m., why sanctions should not be imposed for the failure to obey court orders and Local Rules;

    b.    Defendant is further ordered to appear at the October 2, 2006, hearing through counsel;[1] and

    c.    Defendant is hereby forewarned that failure to appear at the October 2, 2006, hearing or the failure to obtain counsel may result in a default judgment against it without further notice.

IT IS SO ORDERED.

**Dated:**   **September 1, 2006**          /s/ **Anthony W. Ishii**
h2ehf                                    UNITED STATES DISTRICT JUDGE

---

[1] The failure of a corporate entity to obey court orders to appear through counsel is a "perfectly appropriate" ground for granting default judgment against the corporate entity. United States v. High Country Broadcasting, Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); Operating Eng'rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F.Supp.2d 1022, 1024-25 (E.D. Wis. 2001); Arch Assocs. v. HuAmerica Int'l, 1994 U.S. Dist. LEXIS 2265, 3-4 (S.D.N.Y. 1994).