IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK WISE and JANICE WISE,        )<br>                                                           )<br>                    Plaintiffs,           )<br>          v.                                           )<br>                                                           )<br>ROBERT J. WINN, individually, and )<br>CAR CORNER AUTO SALES, INC.  )<br>                                                           )<br>                                                           )<br>                    Defendants.         )<br>_____) | CV F 05-33 AWI LJO<br><br>ORDER DISMISSING CASE<br>UNDER RULE 41(b) FOR<br>FAILURE TO PROSECUTE<br>AND FAILURE TO OBEY<br>COURT ORDERS AND LOCAL<br>RULES |

      On September 1, 2006, the Court signed an order vacating the previously set trial date of September 12, 2006, due to both parties's failure to file a pre-trial statement or appear for a pre-trial conference. See Court's Docket Document No. 24. The operative Scheduling Order set the pre-trial conference date for August 9, 2006. No party submitted a pre-trial statement, even though the local rules and the scheduling order so required. See Local Rule 16-281; Court's Docket Document No. 15. The pre-trial conference did not occur on August 9, 2006, and the Court received no filings from either Plaintiffs or remaining Defendant Car Corners Auto Sales regarding either their failure to file pre-trial statements or attend the pre-trial conference (nor did the Court receive a request for a new pre-trial conference date). The failure to file pre-trial statements and the non-occurrence of the pre-trial conference rendered the pre-trial procedures incomplete and rendered a trial impractical.

The September 1, 2006, order noted that all scheduled deadlines, including discovery and dispositive motions, had passed, see Court's Docket Document No. 15, that the docket reflected no activity by any party had occurred since April 28, 2006, when Defendant's retained counsel was allowed to withdraw from the case, and that the docket indicated that Plaintiffs did not appear at the Defendant's withdrawal hearing or oppose the motion. See Court's Docket Document No. 22.

The Court concluded that, given the state of this case, it had doubts that the case was being diligently prosecuted, and that Plaintiffs were in violation of the Scheduling Order and Local Rule 16-281. The Court ordered, *inter alia*, for Plaintiffs to show cause both in writing and in appearance for the failure to obey the Local Rules and the Scheduling Order and to show that they had been prosecuting this case with appropriate diligence. See Court's Docket Document No. 24. Plaintiffs were ordered to show cause in writing on or by 4:00 p.m. September 18, 2006. Id. The Court expressly warned, "Plaintiffs are hereby forewarned that failure to appear at the October 2, 2006, hearing or the failure show cause in writing by 4:00 p.m. on September 18, 2006, will likely result in the dismissal of the case with prejudice without further notice." Id. Despite this express warning, no documents were filed on September 18, 2006.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. Pro. 41(b). Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent

daw                                   2

power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

As applied to this case, factor four weighs against dismissal.

The third factor is not entirely clear. The remaining Defendant is a New Jersey business entity that appears to have yet to obtain replacement counsel. Its original retained counsel withdrew due to the lack of payment of fees. See Court's Docket Document No. 22. If Defendant was unable to obtain counsel due to a lack of financial resources, then obtaining new counsel[1] and defending this action in Fresno, California, will not ease its financial condition. Nevertheless, due to the lack of information from Defendant, the Court will consider the third factor to be neutral.

---

[1] In the September 1, 2006, order, the Court ordered Defendant to obtain counsel by October 2, 2006.

daw                                            3

The second factor weighs in favor of dismissal. The Court's docket is very heavy and the Court sees little utility in maintaining a case that is not being prosecuted.

The fifth factor also weighs in favor of dismissal. The Court vacated the trial date in this matter due to the failure to file pre-trial statements and the non-occurrence of the pre-trial conference. The Court then stated its concern that Plaintiffs were not diligently prosecuting this case, and ordered Plaintiffs to show cause in writing regarding their behavior. The Court warned Plaintiffs that failure to do so would likely result in dismissal without further notice. This case has come to a halt and the Court has heard nothing from Plaintiffs, either regarding a pre-trial statement, a new pre-trial conference date, a new trial date, the order to show cause, or the status of this case. Given the failure of Plaintiffs to respond to the show cause order, the Court is not aware of any alternatives other than dismissal.

In light of the above, the Court finds that the need to manage its docket, the public interest in speedy resolution of cases, and the lack of less drastic alternatives to dismissal outweigh the policy of concluding suits on the merits and the apparently neutral factor of prejudice to the Defendant. See Pagtalunan, 291 F.3d at 642-43; Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831. Dismissal of this case under Rule 41(b) for failure to prosecute and failure to obey Court orders and local rules is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED with prejudice pursuant to Rule 41(b);
2. The Clerk is ordered to enter judgment in favor of Defendant and against Plaintiffs and to close this case; and
3. The show cause hearing of October 2, 2006, is VACATED as moot.

IT IS SO ORDERED.

**Dated:   September 19, 2006**            /s/ Anthony W. Ishii
0m8i78                                              UNITED STATES DISTRICT JUDGE

daw                                    4